IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HUBERT BABB,
      Petitioner,

vs.                            Case No.:  3:14cv479/LAC/EMT

JULIE L. JONES,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

      Petitioner commenced this action by filing a "Supplemental Application for Habeas Corpus and Motion for Relief from Judgment" (doc. 1).  His pleading stated he was seeking relief under 28 U.S.C. § 2254(b)(1), which is the statutory provision governing second or successive habeas corpus applications under § 2254, and although he also cited Rule 60 of the Federal Rules of Civil Procedure, his pleading did not include a case number, and he contemporaneously filed a motion to proceed in forma pauperis ("IFP") (*see* docs. 1, 2).  Therefore, the clerk of court opened a new case, assigned this case number, and referred the documents to the undersigned.  The undersigned granted Petitioner's IFP motion and directed him to file an amended petition on the court-approved form, as required by Rule 5.1(J) of the Local Rules of this court (*see* doc. 4).  Petitioner filed an amended petition (doc. 5), which is the operative pleading.  The court served the petition and directed Respondent to file a response (doc. 6).  Respondent filed a motion to dismiss the petition as an impermissibly successive habeas petition (doc. 14).  Petitioner responded in opposition to the motion to dismiss (doc. 16).

      The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is

required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the record before the court shows that the petition is subject to dismissal as an unauthorized "second or successive" habeas corpus application.

I.      BACKGROUND

Petitioner is in custody pursuant to a judgment entered in the Circuit Court in and for Escambia County, Florida, Case No. 95-4637 (*see* doc. 5 at 1).  He was found guilty by a jury of one count of sexual battery on a child under the age of twelve (a capital felony) and four other counts of serious sexual misconduct involving children.  *See* Babb v. State, 764 So. 2d 776 (Fla. 1st DCA 2000).  The trial court sentenced him in February of 1999 to imprisonment for a term of life plus sixty-five years (*see* doc. 5 at 1).  The Florida First District Court of Appeal ("First DCA") affirmed the judgment on July 14, 2000 (*see id.*).  Babb, 764 So. 2d at 776–77.

In 2004, Petitioner sought federal habeas corpus relief under 28 U.S.C. § 2254 in this district court (*see* doc. 5 at 3–4).  *See* Babb v. Crosby, Case No. 3:04cv453/RV/MD, Petition (N.D. Fla. Dec. 20, 2004).  He asserted six claims of ineffective assistance of trial counsel:  (1) counsel failed to strike a prejudiced juror, (2) counsel failed to call favorable witnesses, (3) counsel failed to present exculpatory evidence, (4) counsel failed to object to the State's use of perjured testimony, (5) counsel failed to object to prosecutorial misconduct, and (6) counsel failed to request severance of the charges.  *See id.*  Petitioner additionally raised claims of trial court error:  (1) he was denied his right of self-representation, (2) his conviction on one of the counts violated double jeopardy, and (3) he was denied his right to a speedy trial.  *See id.*  On November 4, 2005, Magistrate Judge Miles Davis issued a Report and Recommendation determining that, notwithstanding that some of Petitioner's claims were unexhausted and procedurally defaulted, none of his claims were meritorious.  *See id.*, Report and Recommendation (N.D. Fla. Nov. 4, 2005).  The district court adopted the Report and Recommendation and denied the habeas petition.  *See id.*, Order (N.D. Fla. Nov. 30, 2005).  Petitioner appealed the district court's decision to the Eleventh Circuit Court of Appeals, Case No. 06-10367, and the appellate court affirmed the decision on October 2, 2006.  *See id.*, Order of USCA (N.D. Fla. Oct. 5, 2006).  The United States Supreme Court denied Petitioner's petition for a writ of certiorari.  *See id.*, Order (N.D. Fla. Jan. 16, 2007).

In the instant habeas petition, Petitioner asserts the following grounds for relief:

Ground One:  "Fraud on the court depriving Petitioner of a new trial by a fair and impartial jury, due to ineffective assistance of counsel."

Ground Two:  "Fraud on the court resulting in denial of speedy trial, as a result of ineffective assistance of counsel."

Ground Three:  "Denial of right to witnesses claim procedurally defaulted due to no legal representation, originally ineffective assistance of counsel."

Ground Four:  "Denial of exculpatory evidence issue procedurally defaulted due to no legal representation, originally ineffective assistance of counsel."

(doc. 5 at 7–46).  At the conclusion of the habeas petition, Petitioner asserts the following:

"Pursuant to Fed. R. C. P. 60(b)(1) there was mistake and excusable neglect on behalf of Petitioner in not adequately conforming to procedural requirements, which rendered issues in original habeas corpus issues [sic] procedurally defaulted.

Pursuant to Fed. R. C. P. 60(b)(3) there are multiple issues of fraud, misrepresentation and misconduct by opresing [sic] parties in this petition.

Pursuant to Fed. R. C. P. 60(d)(1) & 60(d)(3) this rule does not limit the court's power to entertain an independent action to relieve a party from judgement [sic], order or proceeding, or set aside a judgment [sic] for fraud on the court.

Pursuant to USC 2254(b)(1)(B)(i) Petitioner has made a persistent aggressive effort for several years to resolve these issues in state court and there is an absence of available state corrective process.

Pursuant to USC 2254(b)(1)(B)(ii) circumstances exists [sic] that render such process ineffective to protect the rights of the applicant.

This is a case of conscience-shocking manifest injustice where an innocent defendant has been falsely imprisoned for 19 years for nothing more than lawfully exercising his freedom of speech [ ] in violation of the First Amendment of the United States Constitution."

(doc. 5 at 50).  Petitioner asserts that the court in the first federal habeas proceeding determined that some of his claims were procedurally barred (*see* doc. 16).  He argues that his failure to overcome those procedural rulings was due to "excusable neglect" under Rule 60(b)(1), because he did not have the benefit of the Supreme Court's decision in <u>Martinez v. Ryan</u>, 132 S. Ct. 1309, 182 L. Ed.

2d 272 (2012) (*see id.*).[1]

II.     ANALYSIS

Federal courts are courts of limited jurisdiction, and may only hear cases where authorized by the Constitution and by statute.  *See* <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).  Section 2244 provides, in relevant part:

> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)(A)** <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.</u>

28 U.S.C. § 2244 (emphasis added).  A district court lacks jurisdiction to hear a second or successive § 2254 petition absent authorization from a Court of Appeals.  28 U.S.C. § 2244(b)(3)(A).

Rule 60(b) provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> **(1)** mistake, inadvertence, surprise, or excusable neglect;

---

[1]  In <u>Martinez</u>, the Supreme Court held that procedural default will not a bar federal habeas court from hearing a substantial claim of ineffective assistance of trial counsel if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A habeas petitioner filing a Rule 60(b) motion should be held to the standards of § 2244(b) where his motion contains a "claim," as the term is used in that section, i.e., "an asserted federal basis for relief from a state court's judgment of conviction." Gonzalez v. Crosby, 545 U.S. 524, 530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005). Thus, pursuant to § 2244(b), when a Rule 60(b) motion seeks to raise a claim already adjudicated on the merits or seeks to raise a new ground for habeas relief, the district court lacks jurisdiction to consider the motion without approval from the appropriate court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A); *see* Gonzalez, 545 U.S. at 530–32 (indicating that purported Rule 60(b) motion containing one or more "claims" for relief from judgment of conviction and sentence—whether based on a change in substantive law governing the claim, a new ground for relief, or a challenge to a prior resolution on the merits—is in substance a successive petition and should be treated accordingly). A Rule 60(b) motion may be appropriate, however, where a petitioner "does not assert, or reassert, claims of error in [his] state conviction." Gonzalez, 545 U.S. at 537. When a Rule 60(b) motion attacks not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceeding, a Rule 60(b) motion is appropriate. *See id.* at 532 n.4 (explaining that a Rule 60(b) motion is not successive "when a movant asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."). Under Rule 60(b)(6), the prisoner must prove

"'extraordinary circumstances' justifying the reopening of a final judgment." *Id.* at 535 (quoting <u>Ackermann v. United States</u>, 340 U.S. 193, 199, 71 S. Ct. 209, 95 L. Ed. 207 (1950)). Extraordinary circumstances that warrant the reopening of a judgment "will rarely occur in the habeas context." *Id.*

As an initial matter, Petitioner's 2004 petition qualified as a first petition for the purpose of determining successor status; therefore, the instant petition qualifies as "second or successive."[2] Petitioner has not shown that he obtained permission from the Eleventh Circuit to file a second or successive petition. His failure to do so operates as a jurisdictional bar that precludes this district court's consideration of the merits of the petition. *See* 28 U.S.C. § 2244(b)(3)(A); <u>Fugate v. Dep't of Corr.</u>, 310 F.3d 1287, 1288 (11th Cir. 2002).

Additionally, all of the grounds presented in the instant petition assert or reassert federal bases for relief from the state court's judgment of conviction, and none of them go to the integrity of the federal habeas proceeding. Although Petitioner asserts error with respect to the first federal habeas court's rulings that some of his claims were unexhausted and procedurally defaulted, the federal court denied those claims on the merits notwithstanding the failure to exhaust or procedural default. Therefore, Petitioner's claims challenging those procedural rulings may not be properly considered under Rule 60(b).

Furthermore, although Petitioner includes allegations of "fraud," he contends the fraud occurred in the underlying state criminal proceedings. He makes no showing that fraud occurred

---

[2] Some types of collateral challenges do not render subsequent habeas petitions "second or successive." *See* <u>Panetti v. Quarterman</u>, 551 U.S. 930, 945,127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007) (a claim of incompetency under <u>Ford v. Wainwright</u>, 477 U.S. 399, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986) was not successive, because the claim was not ripe until the petitioner's execution was scheduled); <u>Slack v. McDaniel</u>, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); <u>Stewart v. United States</u>, 646 F.3d 856, 865 (11th Cir. 2011) ("Because the basis for his <u>Johnson [v. United States</u>, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005)] claim did not exist before his proceedings on his initial § 2255 motion concluded, Stewart's numerically second motion is not "second or successive," and § 2255(h)'s gatekeeping provision does not apply. . . . Stewart's situation falls within what the Fifth Circuit recognized is a small subset of unavailable claims that must not be categorized as successive."); <u>McGiver v. United States</u>, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); <u>Reeves v. Little</u>, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); <u>Benton v. Washington</u>, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

in the first federal habeas proceeding.  Moreover, his claims of mistake, excusable neglect, and fraud, under Rule 60(b)(1) and (3) are untimely.  *See* Fed. R. Civ. P. 60(c)(1) (a motion filed under Rule 60(b)(1), (2), or (3) must be filed within one year of the entry of the judgment or order or the date of the proceeding).

As a final note, the Eleventh Circuit has decided that the change in decisional law affected by <u>Martinez</u> is not an "extraordinary circumstance" sufficient to invoke Rule 60(b)(6).  *See* <u>Arthur v. Thomas</u>, 739 F.3d 611, 631 (11th Cir. 2014).  Likewise, Petitioner's protestations of innocence are insufficient to re-open the judgment under Rule 60(b)(6).  Assuming that actual innocence is an extraordinary circumstance under <u>Gonzalez</u>, Petitioner has presented no "new evidence" discovered after entry of final judgment in his first habeas case, let alone evidence that raises "sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial."  *See* <u>Schlup v. Delo</u>, 513 U.S. 298, 317, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).  Moreover, because § 2244(b)(3)(A) operates as a jurisdictional bar, not merely a procedural bar, Petitioner's suggestion that he is entitled to review of his habeas claims because he is "actually innocent" of the offenses of which he was convicted is unavailing.

III.    CONCLUSION

Petitioner seeks to re-litigate claims that were already adjudicated on the merits in his first federal habeas proceeding.  Therefore, he must be held to the standards of § 2244(b).  Petitioner has not shown that he obtained permission from the Eleventh Circuit to file a second or successive § 2254 petition.  Therefore, this court does not have jurisdiction to consider his petition.

IV.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L.

Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Petitioner's amended habeas petition (doc. 5) be **DISMISSED for lack of jurisdiction**, pursuant to 28 U.S.C. § 2244(b).

2.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 12th day of February 2015.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**